UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | | |
|---|---|---|
| EDWARD JOSEPH HYLA, JR., | : | CASE NO. 1:18-cv-1279 |
| Plaintiff, | : : : | |
| vs. | : : | OPINION & ORDER [Resolving Doc. 20] |
| COMMISSIONER OF SOCIAL SECURITY, | : : : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, Plaintiff Edward Hyla, Jr., seeks approval for $9,925.15 in attorney's fees.[1] Respondent Commissioner does not oppose.[2] This Court concludes that awarding $9,925.15, or $503.81 per hour, would be a windfall for the Plaintiff's attorney. Consequently, this Court **ORDERS** payment of attorney's fees at $400 per hour for 19.7 hours totaling $7,880.

I. Background

In 2018 and 2019, Plaintiff successfully challenged the Commissioner of Social Security's decision to deny her disability benefits.[3] Consequently, this Court awarded the Plaintiff $3,400.00 in attorney's fees under 28 U.S.C. § 2412.[4] On remand, the Commissioner awarded the Plaintiff $79,700.60 in past-due benefits.[5] The Plaintiff now asks this Court to approve allotting 25% of the award, or $9,925.15, to his attorney

---

[1] Doc. 20.
[2] Doc. 21.
[3] Docs. 1, 17.
[4] Doc. 19.
[5] Doc. 20-1.

Case No. 1:18-cv-1279
Gwin, J.

because of their contingency fee agreement.[6] The Plaintiff's attorney says he will refund their prior attorney's fees if this Court approves an award greater than $3,400.00.[7]

## II. Analysis

This Court must determine what is a reasonable attorney's fee in this case.

In a typical Social Security action, a plaintiff sues the Commissioner for denying a benefits claim. When a plaintiff wins, she receives a payment of "past-due benefits" totaling what she would have received were her claim not originally denied.[8] Under 42 U.S.C. § 406(b), an attorney may receive up to 25% of a past-due benefit award. However, courts must review the reasonableness of contingency fees, even if they fall within the statutorily allotted amount.[9]

In the Sixth Circuit, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless . . . the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."[10]

Factors courts consider in determining whether a contingency fee payout constitutes a windfall include (1) "the standard rates applied to social security fee requests;"[11] (2) whether an award is more than twice the standard hourly rate;[12] and (3) the "the 'brevity' . .

---

[6] The Administrative Law Judge previously approved $10,000.00 in attorney fees under 42 U.S.C. § 406(a). Doc. 20-2. Combined with the $9,925.15 Plaintiff seeks now, the total attorney fee award would be $19,925.15, or 25% of $79,700.60.
[7] Doc. 20 at 2.
[8] 42 U.S.C. § 404(a)(1)(B)(i).
[9] Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).
[10] Hayes v. Sec'y of HHS, 923 F.2d 418, 419 (6th Cir. 1990).
[11] Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 310 (6th Cir. 2014).
[12] Hayes, 923 F.2d at 422.

Case No. 1:18-cv-1279
Gwin, J.

. of the representation."[13]  "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."[14]

Here, the Plaintiff's attorney would enjoy a windfall if this court approved a $503.81 per hour rate.  In Ohio, the standard billing rate for Social Security cases is $336 per hour.[15]  Plaintiff's request for $503.81 per hour is approximately 150% of the standard rate.  Additionally, although this Court acknowledges that the Plaintiff's attorney succeeded, he only represented his client for 19.7 hours—a relatively brief amount of time.[16]  Therefore, the Court reduces the attorney's fees to $400 per hour for 19.7 hours totaling $7,880.

### III. Conclusion

Accordingly, this Court **ORDERS** payment of attorney's fees at a rate of $400 per hour for 19.7 hours totaling $7,880.00.  The Plaintiff's attorney must also **REFUND** the Plaintiff the $3,400.00 in attorney's fees this Court previously awarded.

IT IS SO ORDERED.

Dated: June 29, 2020                         *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[13] *Lasley*, 771 F.3d at 310.
[14] G*isbrecht*, 535 U.S. at 808.
[15] The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2019*, at 45, available at : https://www.ohiobar.org/membership/Practice-Management-Tools-Services/economics-of-law-practice-study/. Paying the Plaintiff's attorney $400 per hour compensates them in the 95th percentile for Ohio social security cases.
[16] Doc. 20-4.

-3-